IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRIAN COLLISTER, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | NO. 1:21-CV-01112-LY |
| TEGNA INC., WFAA-TV, INC., CAROLYN MUNGO and ELLEN CROOKE, | § § § § | |
| Defendant. | § § § | |

**DEFENDANT ELLEN CROOKE AND CAROLYN MUNGO'S
MOTION TO DISMISS UNDER RULE 12(B)(6) AND SUPPORTING BRIEF**

Defendants Ellen Crooke ("Crooke") and Carolyn Mungo ("Mungo") (collectively, the "WFAA Employees") submit this Motion to Dismiss Under Rule 12(b)(6).

As explained below, the WFAA Employees respectfully request the Court to dismiss the Title VII and ADEA claims asserted against the WFAA Employees with prejudice because: (1) Title VII and the ADEA do not permit claims against individual employees; and (2) Plaintiff Brian Collister ("Collister") has not pleaded facts demonstrating the WFAA Employees individually committed discrimination or retaliation.[1]

### I. INTRODUCTION AND ALLEGATIONS OF THE COMPLAINT

The pro se Complaint in this case is cursory and confusing. *See* Compl., ECF No. 1. Collister alleges WFAA did not hire him. *Id.* at § 8a. Why he thinks that was unlawful is not clear.

---

[1] If the Court declines to grant this motion, then the WFAA Employees join the Motion to Transfer filed concurrently with this motion by Defendants WFAA-TV, Inc. and TEGNA Inc. and request that the case be transferred to the Northern District of Texas, Dallas Division.

**DEFENDANT ELLEN CROOKE AND CAROLYN MUNGO'S 12(B)(6) MOTION TO
DISMISS AND SUPPORTING BRIEF**                                                                                                    Page 1

It is irrefutable that Collister initially checked the box for Title VII (employment discrimination on the basis of race, color, sex, religion, or national origin). *See id*. at § 1. It is also irrefutable that on page 3 of the Complaint, Collister also checked boxes indicating that his job rejection was because of age or a prior discrimination complaint (in his words: "Refusal to hire because of EEOC complaint"). *See id.* at § 7. Thus, liberally construed, the Court can only conclude that Collister asserts discrimination and retaliation claims under Title VII and the ADEA.

Whatever his legal claims may be, the facts in the Complaint are sparse. The entirety of the factual allegations is as follows:

- "Refusal to hire because of EEOC complaint," *id.* at § 7; and

- "I applied for the position of 'TEGNA Texas Investigative/Deep Dive Multi-skilled Journalist' and was informed on 2/13/2020 they hired for the position. I was never contacted or interviewed. Younger and less experience hired," *id.* at § 8a.

As explained below, the Court should dismiss all claims against the WFAA Employees with prejudice because: (1) as a matter of law, individual employees cannot be held liable under Title VII or the ADEA; and (2) Collister has failed to plead sufficient facts to give rise to a plausible inference that the WFAA Employees violated Title VII or the ADEA.

## II. ARGUMENTS & AUTHORITIES

**A. All Claims Against the WFAA Employees Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)**

1.  A claimant must plead facts that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to

relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible." *Id*. at 680, 683; see <u>Dishon v. Berkshire Hathaway Auto.</u>, No. EP-18-CV-241-PRM, 2018 U.S. Dist. LEXIS 225045, at *3 (W.D. Tex. 2018) (using this standard to analyze a pro-se plaintiff's complaint, the court granted the defendant's motion to dismiss because the "[p]laintiff's allegations [were] wholly conclusory.").

2. When ruling on a motion to dismiss under Rule 12(b)(6), a court must accept "the well-pleaded facts as alleged" in the complaint as true. *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). A court, however, need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions," which are not enough to defeat a Rule 12(b)(6) motion to dismiss. *Id.* (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

    i. <u>*Title VII and the ADEA do not permit claims against individual employees*</u>.

3. Collister cannot state a plausible claim against the WFAA Employees because, as a matter of law, individual employees are not "employers" subject to liability under Title VII or the ADEA. The plain language of these statutes and abundant case law applying them make clear that claims may only be asserted against an "employer." *See* 28 U.S.C. §2000e-2(a)(1) (Title VII); 29 U.S.C. § 623(a) (ADEA). An "employer" cannot be an individual employee under the ADEA or Title VII. *See, e.g., Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir. 1996) ("[T]he ADEA provides no basis for individual liability for supervisory employees."); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) ("[W]e conclude that title VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer.'"). Because Collister improperly asserts Title VII and ADEA causes of action against the WFAA Employees in their

individual capacities, he fails to state a claim for relief. Collister's claims against the WFAA Employees should therefore be dismissed.

<blockquote>ii. <u>Collister does not allege any factual basis for liability against the WFAA Employees</u>.</blockquote>

4. Even if the WFAA Employees could be held individually liable under Title VII or the ADEA, Collister's claims against the WFAA Employees should still be dismissed. As noted above, it appears Collister asserts discrimination and retaliation claims against the WFAA Employees under Title VII and the ADEA.

5. The relevant provisions of Title VII provide that it is unlawful for an employer: (1) "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin"; or (2) "to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a).

6. Under the ADEA, it is unlawful for an employer: (1) "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age"; or (2) "to discriminate against any of his employees or applicants for employment because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. §§ 623(a), 623(d).

**DEFENDANT ELLEN CROOKE AND CAROLYN MUNGO'S 12(B)(6) MOTION TO DISMISS AND SUPPORTING BRIEF**                                                                                           Page 4

7. Here, the Complaint has no facts whatsoever that give rise to a plausible inference that the WFAA Employees personally committed any of the alleged unlawful acts described above. Other than appearing in the case caption, Ms. Crooke and Ms. Mungo are not even mentioned in the Complaint. *See* Compl., ECF No. 1. How the WFAA Employees supposedly discriminated or retaliated against Collister is entirely unexplained.  Collister has failed to sufficiently plead a retaliation or discrimination claim against the WFAA Employees, and therefore those claims must be dismissed for this reason as well.

**B.     The Dismissal Should Be With Prejudice.**

Under well-established law, a court should deny leave to amend when amendment would be futile. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *Wilder v. Mortgage*, No. 3:15-CV-4013-N (BF), 2016 U.S. Dist. LEXIS 111637, at *9 (N.D. Tex. 2016) ("[W]hile courts generally give pro se litigants an opportunity to amend their pleadings prior to dismissal, the Court is not required to do so when the amendment would be futile.").   Here, any amendment would be futile because the WFAA Employees are not and cannot be an "employer" under Title VII or the ADEA. The WFAA Employees are therefore not subject to liability under these statutes and no amendment could change that conclusion. *See, e.g., Stults,* 76 F.3d at 655; *Grant*, 21 F.3d at 653. Plaintiff's claims against the WFAA Employees should be dismissed with prejudice.

### III. CONCLUSION

For the reasons above, Defendants Ellen Crooke and Carolyn Mungo respectfully request that the Court dismiss all claims asserted against them by Plaintiff Brian Collister with prejudice.

Respectfully submitted,

**JACKSON WALKER LLP**

By: */s/ David Schlottman*
David Schlottman
State Bar No. 24083807
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 - Fax
Email: dschlottman@jw.com

**ATTORNEYS FOR DEFENDANTS
TEGNA INC., WFAA-TV, INC.,
CAROLYN MUNGO AND
ELLEN CROOKE**

**CERTIFICATE OF SERVICE**

This is to certify that on this 7th day of March 2022, a true and correct copy of the foregoing document was served via email and certified mail, return receipt requested, upon:

Brian Collister
295 Desert Willow Way
Austin, TX 78737
briancollister@yahoo.com

*/s/ David Schlottman*
David R. Schlottman